UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23CR1495-BAS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| KHATID ANTWAN CALERO (5), aka "Khatid Antwan Calero Arellano", | |
| Defendant. | |

WHEREAS, in the Superseding Information the United States sought forfeiture of all right, title, and interest in specific properties of Defendant, KHATID ANTWAN CALERO, aka "Khatid Antwan Calero Arellano", ("Defendant"), pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), as any and all property constituting, or derived from, any proceeds obtained directly or indirectly, as the result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense of Title 21, United States Code, Sections 841(a)(1) and 846, as set forth in Counts 1, 2, and 3 of the Superseding Information; and,

WHEREAS, on or about December 11, 2023, Defendant pled guilty before District Court Judge Cynthia Bashant to the offenses set forth in Counts 1, 2, and 3 of the Superseding Information, charging the defendant with conspiracy to distribute methamphetamine and fentanyl with other persons known and unknown to the grand jury

and possession with intent to distribute methamphetamine and fentanyl in violation of Title 21, United States Code, Sections 841(a)(1) and 846, consented to the forfeiture allegations of the Superseding Information, and agreed pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), to forfeit all properties seized in connection with this case including but not limited to the following:

    a. 2017 Chevrolet Silverado 1500 LS, VIN: 1GCNCNEH0HZ284830;

    b. 2014 Mercedes-Benz CLA 250, VIN: WDDSJ4EB7EN105562;

    c. 2017 Mercedes Benz, License Plate 7YGA945;

    d. 2003 Honda, VIN: 2HKYF18683H539070;

    e. One Taurus G2C model handgun, SN: TMT24006;

    f. One Smith and Wesson M&P shield pistol, SN:HNE0791; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the above described specific properties and the offense of conviction; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above- referenced specific properties, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and,

WHEREAS, on January 31, 2024, the United States was informed by the Drug Enforcement Administration that the 2017 Mercedes Benz, License Plate 7YGA945 was returned to the registered owner, Abigail Plasencia, and the 2003 Honda, VIN: 2HKYF18683H539070 was disposed of by the San Diego Police department prior to the submission of this order.

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty pleas of the Defendant to Counts 1, 2, and 3 of the Superseding Information, the United States is hereby authorized to take custody and control of the following specific properties, and all right, title and interest of Defendant, KHATID ANTWAN CALERO, aka "Khatid Antwan Calero Arellano", in the specific properties are hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a. 2017 Chevrolet Silverado 1500 LS, VIN: 1GCNCNEH0HZ284830;

    b. 2014 Mercedes-Benz CLA 250, VIN: WDDSJ4EB7EN105562;

    e. One Taurus G2C model handgun, SN: TMT24006; and

    f. One Smith and Wesson M&P shield pistol, SN:HNE0791.

2. The aforementioned forfeited assets are to be held by the Drug Enforcement Administration in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal

interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

    5.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

    6.    The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

    7.    Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

    8.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: April 15, 2024

_____
Honorable Cynthia Bashant
United States District Judge